UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:23-cv-334-FDW
(3:11-cr-371-FDW-DCK-1)

| | |
|---|---|
| JOHN STACKS, ) | |
| ) | |
| Petitioner, ) | |
| ) | **ORDER** |
| v. ) | |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

**THIS MATTER** comes before the Court on pro se Petitioner's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody [Doc. 1]. Petitioner has also filed a Letter requesting the appointment of counsel. [Doc. 2]. For the reasons that follow, the Court finds that this is an unauthorized, successive § 2255 petition which must be dismissed for lack of jurisdiction.

**I.  BACKGROUND**

A jury found Petitioner guilty of a single count of possession of a firearm by a convicted felon in violation of 18 U.S.C. §§ 922(g) and 924(e)(1). [3:11-cr-371 ("CR") Doc. 39]. The Court found that the Petitioner had at least three prior convictions for a violent felony or serious drug offense, or both, that were committed on different occasions, and thus it sentenced him as an armed career criminal to 212 months' imprisonment followed by three years of supervised release. [CR Docs. 45, 49; 57]. The Fourth Circuit Court of Appeals affirmed the judgment of conviction on direct appeal. United States v. Stacks, 571 F. App'x 163 (4th Cir. 2014).

Petitioner filed a § 2255 Motion to Vacate in 2020 in which he argued that he is actually

1

innocent of being a felon in possession of a firearm, and that he received ineffective assistance of counsel, Case No. 3:20-cv-497-FDW. The Court dismissed and denied the Motion to Vacate as time-barred on May 12, 2021. Stacks v. United States, 2021 WL 1910781 (W.D.N.C. May 12, 2021).

Petitioner filed the instant Motion to Vacate on May 25, 2023.[1] He argues that his ACCA enhancement should be vacated pursuant to United States v. Taylor, 142 S.Ct. 2015 (2022), because he only had two prior violent felony convictions.

**II. LEGAL STANDARDS**

Pursuant to 28 U.S.C. § 2255, a prisoner in federal custody may move the court which imposed his sentence to vacate, set aside, or correct the sentence if it was imposed in violation of federal constitutional or statutory law, was imposed without proper jurisdiction, is in excess of the maximum authorized by law, or is otherwise subject to collateral attack. 28 U.S.C. § 2255(a). However, "[a] second or successive motion must be certified...by a panel of the appropriate court of appeals to contain" either:

> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
>
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255(h).

"The court of appeals may authorize the filing of a second or successive application only if it determines that the application makes a prima facie showing that the application satisfies the

---

[1] Houston v. Lack, 487 U.S. 266, 276 (1988) (establishing the prisoner mailbox rule); Rule 3(d), 28 U.S.C.A. foll. § 2255 (addressing inmate filings).

requirements of this subsection." 28 U.S.C. § 2244(b)(3)(C). In the absence of pre-filing authorization, a district court lacks jurisdiction to consider an application containing abusive or repetitive claims. United States v. Winestock, 340 F.3d 200, 205 (4th Cir. 2003), *abrogated in part on other grounds by* United States v. McRae, 793 F.3d 392 (4th Cir. 2015).

### III. DISCUSSION

The instant Motion to Vacate is an unauthorized second or successive § 2255 action over which the Court lacks jurisdiction. Petitioner has already filed a § 2255 petition which the Court dismissed and denied. He has now filed a second § 2255 Motion to Vacate but he does not allege that he has received authorization from the Fourth Circuit to file a second or successive § 2255 petition. A search of PACER reveals that no such authorization has been sought or granted. Accordingly, the instant petition will be dismissed as an unauthorized second or successive § 2255 Motion to Vacate over which the Court lacks jurisdiction. Petitioner's Letter requesting the appointment of counsel is liberally construed as a Motion to Appoint Counsel and it is denied as moot.

### III. CONCLUSION

For the reasons stated herein, the instant § 2255 Motion to Vacate is dismissed as an unauthorized, successive § 2255 petition over which the Court lacks jurisdiction.

**IT IS, THEREFORE, ORDERED** that:

1. Petitioner's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody [Doc. 1] is **DISMISSED** for lack of jurisdiction.

2. Petitioner's Letter [Doc. 2] is construed as a Motion to Appoint Counsel and it is **DENIED** as moot.

3

Case 3:11-cr-00371-FDW-DCK   Document 82   Filed 06/14/23   Page 3 of 4

3. **IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing Section 2254 and Section 2255 Cases, this Court declines to issue a certificate of appealability. See 28 U.S.C. § 2253(c)(2); Miller–El v. Cockrell, 537 U.S. 322, 338 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 473, 484 (2000) (when relief is denied on procedural grounds, a petitioner must establish both that the dispositive procedural ruling is debatable and that the petition states a debatable claim of the denial of a constitutional right).

4. The Clerk is instructed to close this case.

Signed: June 13, 2023

_____
Frank D. Whitney
United States District Judge