UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CASE NO. 3:11-CR-00371-FDW-DCK

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | |
| v. | ) | |
| | ) | **ORDER** |
| JOHN STACKS, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**THIS MATTER** is before the Court on Defendant's Motion for Compassionate Release (Doc. No. 86). This matter has been fully briefed, (Doc. Nos. 88, 94), and is ripe for ruling. For the reasons set forth below, Defendant's Motion is **DENIED**.

## I. BACKGROUND

A Grand Jury indicted Defendant John Stacks on one count of being a felon in possession of a firearm on November 15, 2011. (Doc. No. 1.) In June 2012, the Court presided over a trial on this charge and a jury returned a verdict of guilty. (Minute Entry, June 5, 2012; Doc. No. 39.) On January 15, 2013, the Court sentenced Defendant to 212 months imprisonment. (Doc. No. 49.)

On August 30, 2020, Defendant filed a request with the Warden of FCI Butner requesting release to home confinement based on his asthma diagnosis. (Doc. No. 89, p. 5.) That request was denied on October 29, 2020. (Id., p. 1.) In September 2020, Defendant filed a motion for compassionate release arguing the COVID-19 pandemic and his health conditions amounted to extraordinary and compelling circumstances supporting release in this case. (Doc. No. 63.) The Court denied the Motion in November 2020. (Doc. No. 77.)

Defendant filed the instant motion for compassionate release on December 27, 2023, arguing extraordinary and compelling reasons support his release based on the length of his

1

sentence. (Doc. No. 86.) When he filed the instant motion, Defendant had been transferred to FCI Fort Dix, where he remains housed today. Defendant did not submit a request for compassionate release to the warden at FCI Fort Dix.

## II. ANALYSIS

Defendant's motion seeks a reduction in his sentence in under 18 U.S.C. § 3582(c)(1)(A). A defendant may seek a modification of his sentence from the court under § 3582(c)(1)(A) for "extraordinary and compelling reasons" if the defendant has "fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." This exhaustion requirement is not jurisdictional and may be waived or forfeited if the United States fails to raise it. United States v. Muhammad, 16 F.4th 126, 130 (4th Cir. 2021). Where a defendant has administratively exhausted a claim for release or the United States fails to raise the issue, the district court conducts a two-step inquiry to decide whether a sentence reduction is appropriate under § 3582(c)(1)(A). United States v. Bond, 56 F.4th 381, 383 (4th Cir. 2023).

Administrative exhaustion is the preliminary issue in this case. The United States argues Defendant's 2020 request to the Warden at FCI Butner does not "carry forward" to the instant motion, therefore Defendant has not complied with the threshold requirement of § 3582(c)(1)(A) and the Court should deny or dismiss his motion. (Doc. No. 88, p. 8.) Defendant acknowledges he has not submitted a request for release to the Warden at FCI Fort Dix. He argues the administrative exhaustion requirement in § 3582(c)(1)(A) is not mandatory and the Court should exercise discretion and reach the merits of his motion because: (1) he filed a request to the Warden of FCI Butner in 2020 and the statute is silent as to when that request becomes stale, and (2) enforcing

2

Case 3:11-cr-00371-FDW-DCK   Document 95   Filed 05/31/24   Page 2 of 4

the requirement would "run counter to the humanitarian objectives of the statute." (Doc. No. 94, p. 4.) For the reasons explained below, the Court agrees with the United States.

Defendant is correct that the exhaustion requirement in 18 U.S.C. § 3582 is not jurisdictional. It is instead a claims-processing rule, and the United States may waive it. However, the United States has not waived it here. And "one-time compliance with the exhaustion requirement . . . does not carry forward in perpetuity to all [Defendant's] subsequent compassionate release motions." United States v. Cain, No. 1:16-cr-00103-JAW-1, 2021 WL 388436, at *4 (D. Me. Feb. 3, 2021) (unpublished). Defendant must demonstrate renewed compliance with the exhaustion requirements with each successive compassionate release motion filed. Id. at *5; United States v. Memsen, No. 1:17-CR-00077-MR-WCM, 2022 WL 1494992, at *2 (W.D.N.C. May 11, 2022) (unpublished).

In response to Defendant's argument that strict enforcement of the claims-processing rule here would run counter to the purpose of compassionate release, the Court concludes enforcement here is appropriate. Defendant's 2020 motion and his 2023 motion raise entirely different bases for relief. The issues presented in each motion do not even overlap. Under these circumstances, the purpose of the statutorily-mandated exhaustion requirement is squarely at play—the BOP, not the Court, is better-positioned to evaluate Defendant's new request in the first instance. See United States v. Beahm, No. 1:05-CR-249, 2020 WL 4514590, at *1 (E.D. Va. Aug. 5, 2020). The Court, therefore, will enforce the administrative exhaustion requirement of § 3582(c)(1)(A) here.

**IT IS THEREFORE ORDERED** that Defendant's Motion for Compassionate Release, (Doc. No. 86), is **DENIED WITHOUT PREJUDICE**.

**IT IS SO ORDERED.**

Signed: May 31, 2024

Frank D. Whitney
United States District Judge

4